UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10072-CV-MOORE
MAGISTRATE JUDGE REID

ROBERTO MORALES DIAZ,

    Petitioner,

v.

MARK S. INCH, SEC'Y,
FLORIDA DEP'T OF CORR'S,

    Respondent.
_____/

### REPORT OF MAGISTRATE JUDGE
### RE DISMISSAL LACK OF PROSECUTION
### AND NON-COMPLIANCE WITH COURT ORDERS

**I. Introduction and Relevant Procedural Background**

The Petitioner, **Roberto Morales Diaz**, filed this *pro se* petition which appeared to be attacking the constitutionality of his convictions and sentences in Monroe County Circuit Court, **Case No. 15-CF-000145-A-M**. [ECF No. 1]. As discussed below, this action should be dismissed without prejudice for failure to comply with court orders or for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

This Cause has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

dispositive motions. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

On July 22, 2020, this court issued an order requiring Petitioner to file an amended state habeas corpus petition, on or before **August 21, 2020**, on the proper form, because his original filing raised an argument which did not appear to be a constitutional claim. [ECF No. 5 at 1]. Petitioner suggested that the state court erred in denying his Rule 3.850 motion but failed to provide what claims he raised in his post-conviction motion, or any factual basis as to why be believed the state court improperly denied his motion. [*Id.*]. The order also cautioned Petitioner that his failure to comply "will result in dismissal, [] that no further amendments will be permitted, [and that] this is his **final** opportunity to cure the deficiencies previously identified." [*Id.* at 6] (emphasis in original).

On July 22, 2020, this court also issued an order requiring the payment of filing fee or filing of a motion to proceed *in forma pauperis*, on or before **August 21, 2020**. [ECF No. 6]. The order provided, "Petitioner is cautioned that failure to comply with this order may result in dismissal of this case." [*Id.* at 2].

Neither order has been returned by the U.S. Postal Service as undeliverable. As of the filing of this report, the Petitioner has not submitted any filings whatsoever in compliance with the court's July 22, 2020 orders.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*

In both orders requiring an amended petition, this court warned Petitioner that his failure to comply with the court's order would likely result in dismissal of this action. [ECF Nos. 5 at 6; 6 at 2]. Petitioner was also notified that, notwithstanding his *pro se* status, he must still comply with Local Rules and the Federal Rules of Civil Procedure Governing Section 2254 Cases. [ECF No. 5 at 3-5]. Petitioner has received sufficient notice of this court's authority to dismiss for failure to comply with court orders or for want of prosecution pursuant to Fed. R. Civ. P. 41(b). This court, therefore, has grounds for dismissal pursuant to Fed. R. Civ. P. 41(b).

Under the circumstances, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case should be dismissed without prejudice due to Petitioner's failure to comply with this court's orders or for want of prosecution. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary

remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

### III. Recommendations

Based on the foregoing, it is recommended that:

1. This habeas petition be **DISMISSED WITHOUT PREJUDICE** for want of prosecution or for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b);

2. The case be CLOSED.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) (finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 2nd day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Roberto Morales Diaz**
L97133
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327
PRO SE

**Noticing 2254 SAG Miami-Dade/Monroe**
Email: CrimAppMIA@MyFloridaLegal.com